Case 4:26-cv-00591   Document 8   Filed 02/03/26 in TXSD   Page 1 of 2

United States District Court
Southern District of Texas
**ENTERED**
February 03, 2026
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ANTONIO TAVERA VEGA, <br> A# 221 277 496 <br><br> Petitioner, <br><br> vs. <br><br> TODD LYONS, Acting Director of U.S. <br> Immigration and Customs Enforcement, <br> Houston Field Office, *et al.*, <br><br> Respondents. | § § § § § § § § § § § § § § | CIVIL ACTION NO. H-26-591 |

**ORDER**

The petitioner, Antonio Tavera Vega, is a detainee in the custody of United States Department of Homeland Security, Immigration and Customs Enforcement (ICE) officials at the Houston Contract Detention Facility. Through counsel, he has filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241, challenging his continued detention pending removal proceedings without a proper bond hearing. (Docket Entry No. 1). After considering the petition, the briefing, and the applicable law, the court grants in part Tavera Vega's petition (Docket Entry No. 1) and denies the motion for summary judgment (Docket Entry No. 7).

As this court and other courts have articulated in numerous decisions, Tavera Vega is properly subject to 8 U.S.C. § 1226(a), not 8 U.S.C. § 1225(b)(2). *See, e.g.*, *Buenrostro-Mendez v. Bondi*, Civ. Action No. H-25-3726, 2025 WL 2886346 (S.D. Tex. Oct. 7, 2025); *Gutierrez v. Thompson*, Civ. Action No. 4:25-4695, 2025 WL 3187521 (S.D. Tex. Nov. 14, 2025); *Buestan v. Chu*, No. 25-cv-16034, 2025 WL 2972252 (D.N.J. Oct. 21, 2025); *see also* Kyle Cheney, *More Than 100 Judges Have Ruled Against the Trump Admin's Mandatory Detention Policy*, POLITICO (Oct. 31, 2025), https://perma.cc/H6MZ-VC2Z. The court also notes that a district court in the

Central District of California certified a class of petitioners similarly situated to Tavera Vega; granted summary judgment in their favor, holding that § 1226, not § 1225, applies to those in Tavera Vega's position; and entered a final judgment so declaring. *Bautista v. Santacruz*, No. 5:25-cv-01873-SSS-BFM, --- F. Supp. 3d ----, 2025 WL 3713987, at *32 (C.D. Cal. Dec. 18, 2025), *judgment entered sub nom. Maldonado Bautista v. Noem*, No. 5:25-cv-01873-SSS-BFM, 2025 WL 3678485 (C.D. Cal. Dec. 18, 2025). The court has found no reason to depart from its prior decisions, the class-action judgment from which the petitioner benefits, or the decisions of dozens of other courts.[1]

The respondents must provide Antonio Tavera Vega with a bond hearing under § 1226(a) by **February 9, 2026**, or release him. The parties are to update the court on the status of his bond hearing no later than **February 12, 2026**.

SIGNED on February 3, 2026, at Houston, Texas.

_____
Lee H. Rosenthal
Senior United States District Judge

---

[1] The court rejects the respondents' other challenges to the habeas petition. As the court explained in *Buenrostro-Mendez*, exhaustion does not bar this court's review of the petition. *See Buenrostro-Mendez*, 2025 WL 2886346, at *3.